FILED
2010 Jun-08  AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN VALENZUELA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 1:09-cv-02365-RBP-HGD |
| | ) | |
| CONSTANCE REESE, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER FOR SPECIAL REPORT

Allen Valenzuela, hereinafter referred to as the plaintiff, has filed a *pro se* amended complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents* , 403 U.S. 388 (1971), in which it is claimed that rights, privileges, or immunities afforded under the Constitution or laws of the United States have been abridged.  In accordance with the practices of this court, the amended complaint is before the undersigned magistrate judge for scheduling, management, and review.  *McCarthy v. Bronson*, 500 U.S. 136 (1991); 28 U.S.C. § 636(b); Local Rule 72.1.

### I.  Service Of Process

A copy of this order has been mailed to each of the persons or entities identified below as defendants in this action.  Attached to the copy of this order mailed to each defendant is a complete copy of the amended complaint filed by the

plaintiff.  Taken together, this order and the copy of the amended complaint attached to it adequately notify each defendant that he, she, or it  has been sued by the plaintiff in this action and the defendant is required to respond to the allegations of the amended complaint.  Furthermore, Fed. R. Civ. P. 4(d) provides a mechanism by which service of process upon the defendant can be accomplished through the use of first class mail and imposes a duty upon each defendant "to avoid unnecessary costs of serving the summons."  Once a defendant has been given a copy of the amended complaint and is requested to waive service of process by executing a waiver of service in a form consistent with that annexed to this order, the unreasonable failure of the defendant to expressly waive service of process may result in the imposition of costs of personal service on that defendant.  Consequently, each defendant is hereby requested to waive service of process by executing the waiver of service attached to this order.  **FAILURE TO SIGN AND RETURN THE WAIVER OF SERVICE TO THE COURT WITHIN FORTY (40) DAYS AFTER THE DATE OF THIS ORDER MAY RESULT IN THE COURT ORDERING SERVICE OF PROCESS UPON THE DEFENDANT PERSONALLY AND THE TAXING OF COSTS OF SUCH SERVICE TO THE DEFENDANT.**  Costs of service may include not only the actual cost of service but also attorney's fees as may be warranted.  Fed. R. Civ. P. 4(d)(5).

## II.  Special Report

The court's review of the amended complaint filed by plaintiff has identified the following defendants and claims being asserted by plaintiff against the respective defendants:

A.  <u>Defendants</u>.  The amended complaint identifies the following people or entities as defendants:

> **Warden Constance Reese**
> **Lieutenant Wilbert Davis**
> **Lieutenant Wain Fals**
> **Lieutenant Marino**
> **Mr. Farris, Assistant Correctional Services Administrator**
> **Rufus Williams, Correctional Services Administrator**
> **Connie Duncan, Registered Nurse**
> **Correctional Officer J. Spencer**
> **Correctional Officer Hugeley**
> **Lieutenant E. McKnight**
> **Correctional Officer B. Jones**
> **Aubray Bailey, Unit Manager**
> **Pat Jones, Unit Counselor**
> **5 Unknown Officers[1]**

all of whom are located at **Federal Correctional Institution, 565 East Renfroe Road, Talladega, Alabama  35160**.

---

[1] Plaintiff names as defendants "Five Unknown Officers" who were members of the "Use of Force Team" on October 22, 2009.  The court recognizes that the Federal Rules of Civil Procedure make no specific allowances for fictitious party practice.  However, the plaintiff will be afforded an opportunity to discover the names of these unknown defendants by way of the named defendants' special report.  If the names of the unknown defendants cannot be identified from the named defendants' special report, then plaintiff may request leave to conduct additional discovery according to the procedure set out in Section III. C. of this order.

B. <u>Claims</u>.  The amended complaint attempts to state the following claims for

relief:

**Plaintiff is confined to the Special Management Unit ("SMU") at FCI Talladega.  On October 21, 2009, defendant Fals denied the plaintiff and other inmates their evening meal.  On October 22, 2009, defendants Reese and Farris denied the plaintiff and other inmates their breakfast meal.  At approximately 11:30 a.m., the plaintiff, who had been denied food or water for 24 hours, became angry and refused to permit staff to secure the feeding slot of his cell door.**

**Defendant Reese ordered defendants Davis and Five Unknown Officers to assemble and extract the plaintiff from his cell.  Plaintiff was "unarmed, had not barricaded himself within the cell, or threatened any other person at the time of Defendant Reese's order."  (Amend. Compl. at 5).  At 3:00 p.m., defendant B. Jones, without warning, fired projectiles containing chemical agents at the plaintiff, striking him seven times in the face and neck, causing injury.  At 3:20 p.m., defendants Farris, Davis, and Five Unknown Officers shot at the plaintiff several times with non-lethal munitions and extracted the plaintiff from his cell. The plaintiff complained to defendant Duncan about his injuries but was not provided treatment.**

**Defendants Reese and Farris ordered the plaintiff placed in ambulatory restraints with his wrists chained to his waist and leg restraints on his ankles. The plaintiff remained in restraints for more than 24 hours.  Defendant Davis refused to allow the plaintiff to use a toilet, drink water, consume food, or sleep.**

**The plaintiff sustained bruises and lacerations due to the cell extraction. Defendant Duncan examined the plaintiff but did not provide treatment for the plaintiff's pain. Defendant Farris saw the plaintiff's injuries but took no steps to provide the plaintiff access to medical treatment.**

**On November 7, 2009, the plaintiff repeatedly asked defendant Pat Jones for grievance forms.  Defendant Pat Jones informed defendants Davis and Williams that the plaintiff was requesting grievance forms.  Defendant Williams confronted the plaintiff and threatened to harm the plaintiff if he continued to**

4

"try to file." (Compl. at 7).  Later that day, defendant Davis obtained approval from defendant Reese to assemble a "Use of Force Team."  *Id*.  At 5:30 p.m., defendants Davis, Marino, Williams, and Five Unknown Officers "used force to extract Plaintiff from the SMU law library and drug Plaintiff while in restraints through feces upon the floor causing such to be smeared upon Plaintiff's face and neck."  *Id*.  Defendants Davis and Marino secured the plaintiff's wrists in restraints about his waist, with leg restraints secured on his ankles, and forced the plaintiff into a cell with another inmate with feces still on him.  Defendants Davis and Fals kept the plaintiff in restraints for more than 36 hours.  Plaintiff was denied access to a toilet, drinking water, and food and was unable to wash the feces off his face and neck.  The plaintiff claims defendants Davis, Marino, Reese, Williams, and Five Unknown Officers were retaliating against him.

On November 11, 2009, defendant Davis "threatened the plaintiff about a civil court pleading Plaintiff had drafted and requested photocopied." (Amend. Compl. at 8).  Defendant Davis destroyed the draft pleading and returned with defendants Spencer and Hugeley and placed the plaintiff in restraints and removed him from his cell.  Then defendants Davis, Spencer, and Hugely forced the plaintiff to the ground, striking him with closed fists and kicking him, causing injury to the plaintiff's neck and knee.  Defendant Duncan later examined the plaintiff, but defendant Davis instructed Duncan not to treat the plaintiff's injuries.  Duncan complied with the same.  Davis returned the plaintiff to his cell in restraints and left the plaintiff in restraints for more than 24 hours without access to a toilet, drinking water, food, or medical treatment for his injuries.  The plaintiff argues that the defendants were again retaliating against him.

After the plaintiff complained of the defendants' conduct, defendant Pat Jones refused to provide or accept administrative remedy forms from the plaintiff.  After the plaintiff complained to defendants Bailey and Williams, they confiscated the plaintiff's legal research materials, property, pens, postage, paper, envelopes, and religious practice materials and directed the commissary staff to withhold the plaintiff's commissary items.  Defendant Bailey informed the plaintiff that the sanctions would cease if the plaintiff stopped pursing civil legal remedies.

Plaintiff is required to notify the court within twenty (20) days after the date of this order whether the court has misunderstood or misconstrued the claims pled in the amended complaint. Plaintiff's notice must describe specifically and in detail any error in the court's reading and understanding of the claims pled, setting forth the true nature of the claim or claims plaintiff intended to plead in the amended complaint. Plaintiff will not be allowed to amend the complaint to add parties or claims after the date of this order except upon express leave of the court.

Each defendant is hereby DIRECTED to undertake a review of plaintiff's claims as those claims relate to that defendant to determine the facts and circumstances relevant to the claims. An appropriate review will include a written report to the court presenting the sworn statement of all persons having knowledge of the facts relevant to the claims or any subsequent investigation undertaken with respect to the claims. The report must be filed with the court not later than sixty (60) days after the date of this order. Such a special report filed by a defendant who has waived service of process as outlined above shall be deemed to be an answer pursuant to Rules 7(a), 38(b) and 39, Fed. R. Civ. P. Except for the report directed herein, the defendant shall not be required to file any other answer or responsive pleading.

6

III.  Discovery and Disclosures

A.  <u>Initial Disclosures - Defendants</u>.  Fed. R. Civ. P. 26(a)(1) requires the parties to make certain initial disclosures in lieu of discovery.  In order to comply with this requirement, the parties shall be required to make certain minimal disclosure as described hereinbelow.  The special report filed by or in behalf of each defendant should include, at a minimum, the following information:

1.  The sworn statement of the defendant relating to his knowledge of the claim or incident at issue;

2.  The name, employment position or title, and AIS number, if any, of every person having personal knowledge of the facts relevant to the claims asserted by the plaintiff or the defenses asserted by the defendant;

3.  A clear and legible copy of all documents relevant to the claims or defenses asserted in the action, including all incident reports, disciplinary reports, classification or custody records, and medical records, as may bear directly on the claims or defenses asserted.

B.  <u>Initial Disclosures - Plaintiff</u>.  Within twenty (20) days after the date of service of the special report by the defendant, the plaintiff shall make initial disclosures by filing with the court and serving on the defendant the following:

1.  The name, employment position or title, and AIS number, if any, of every person having personal knowledge of the facts relevant to the claims asserted by the plaintiff or the defenses asserted by the defendant;

2.  A clear and legible copy of all documents relevant to the claims or defenses asserted in the action, including all incident reports, disciplinary reports, classification or custody records as may bear directly on the claims or defenses asserted.

3.  A specific and clearly-stated computation of any category of damages claimed by the plaintiff as a result of the defendant's conduct.

C. <u>Discovery</u>.  **THERE WILL BE NO ADDITIONAL DISCOVERY BY THE PARTIES EXCEPT WITH EXPRESS LEAVE OF COURT.**  To request leave of court, the moving party must file with the court a motion specifically identifying the nature of the discovery sought and the reason the initial disclosures provided hereinabove were inadequate to provide the information sought by the discovery.  **ANY REQUEST FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY MUST BE FILED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE CERTIFICATE OF SERVICE ON THE SPECIAL REPORT.**  If additional discovery is permitted by the court, only Rule 33 interrogatories, Rule 34 requests for production of documents, and Rule 32 depositions will be allowed.  No party may serve on another party any Rule 36 requests for admissions without the prior express written approval of the court.

D. <u>Discovery Costs</u>.  The parties are advised that an authorization to proceed *in forma pauperis* in this court does not obligate a party to bear the costs of discovery

requested by another party.  If the defendant provides an opportunity for review of documents, the defendant is not obligated to copy those documents at no cost for use by the plaintiff.  The defendant may require that the plaintiff bear the reasonable cost of copying of production.  Similarly, the parties are advised that while the court may waive its own filing fees it cannot act as a copying center.  The Clerk of Court will not provide copies of discovery documents, answers to interrogatories, or provide copies of documents that are in the possession or should be in the possession of the parties.   Further, the Clerk will not copy and distribute discovery requests or responses to discovery requests which are the obligation of the parties to serve on all other parties pursuant to Rule 5, Fed. R. Civ. P. Any discovery requests filed with the court but not properly served on all other parties will be stricken.

## IV.  Addresses

It is the duty of the plaintiff to provide an adequate mailing address for each defendant.  Should a copy of the amended complaint and this order mailed to the address provided by the plaintiff be returned for insufficient address, the Clerk of Court will notify plaintiff; and no further attempt at service will be made as to that defendant unless plaintiff provides a sufficient address.  Unless the defendant is provided a copy of the amended complaint and this order within one hundred twenty

(120) days after the filing of the amended complaint, the claims against that defendant will be dismissed without prejudice.  See Fed. R. Civ. P. 4(m).

Additionally, it is vital to the management of this litigation that the plaintiff keep the court apprised of the plaintiff's current address.  Should a document be returned to the court because of an insufficient or inaccurate address for the plaintiff, the court will consider dismissal of the amended complaint or other sanctions as may be required.  This provision is expressly deemed to be required  to effectively discharge the court's obligations under the Civil Justice Reform Act and Rule 1, Fed. R. Civ. P.  It is also the responsibility of the plaintiff to notify the defendants of any change in his address.

## V.  Summary Judgment

Rule 56, Fed. R. Civ. P., provides for the adjudication of the merits of all or part of a lawsuit when the material facts relating to a particular claim are not in dispute and a party is entitled to judgment as a matter of law.  In the event the court determines that the special report filed by the defendant should be treated as a motion for summary judgment, the court will notify the parties by separate order that the special report of the defendants or of a particular defendant has been converted to a motion for summary judgment.  Upon the receipt of such notice, the plaintiff must file affidavits, documents, or other materials he may wish to offer in response and rebuttal

to the special report.  The plaintiff or non-moving party may not generally rely upon the pleadings in opposition to a properly-supported motion for summary judgment. Copies of all materials filed by the plaintiff must be served upon the defendants as required by Rule 5, Fed. R. Civ. P., unless the material is already part of the court record and was originated by the defendants.  Plaintiff is advised that unless he responds to the special report with affidavits, documents, or other materials that create a genuine issue of material fact as to the claims asserted in the amended complaint, the court may grant summary judgment to the defendants on the basis of the evidentiary materials submitted by them.  *See Griffith v. Wainwright,* 772 F.2d 822 (11th Cir. 1985).

The Clerk is DIRECTED to serve a copy of this order upon plaintiff.

The Clerk is further DIRECTED to serve a copy of this order, accompanied by a copy of the amended complaint (Doc. #9), on each of the following:

**Warden Constance Reese**
**Lieutenant Wilbert Davis**
**Lieutenant Wain Fals**
**Lieutenant Marino**
**Mr. Farris, Assistant Correctional Services Administrator**
**Rufus Williams, Correctional Services Administrator**
**Connie Duncan, Registered Nurse**
**Correctional Officer J. Spencer**
**Correctional Officer Hugeley**
**Lieutenant E. McKnight**
**Correctional Officer B. Jones**

**Aubray Bailey, Unit Manager**
**Pat Jones, Unit Counselor**

all of whom are located at **Federal Correctional Institution, 565 East Renfroe**

**Road, Talladega, Alabama  35160,** and on

**Joyce Vance, United States Attorney**
**for the Northern District of Alabama**

at **1801 Fourth Avenue North, Birmingham, Alabama  35203**.

DONE this 7th day of June, 2010.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

ALLEN VALENZUELA,      )
                      )
         Plaintiff    )
                      )
      vs.            )     Case No.  1:09-cv-02365-RBP-HGD
                      )
CONSTANCE REESE, et al.    )
                      )
        Defendants    )

## ACKNOWLEDGMENT AND WAIVER OF SERVICE

I, _____, the undersigned defendant in the above-styled action, under penalty of perjury, do hereby declare that on the date written below I received a copy of the amended complaint in this action and that I waive the necessity of any other formal process or service of process in this action.

_____
Signature of Defendant

Date: _____

_____
Name of Corporate Defendant

By: _____

Its _____
(Office or Title)

Date: _____